IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | CIV. NO. 17-00027 SOM/KSC |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |
| vs. | |
| BUREAU OF PRISONS, et al., | |
| Defendants. | |

### ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Pro se Plaintiff Peter R. Tia alleges that prison officials have conspired to violate the Fourth Amendment by confiscating or intending to confiscate his legal papers forty-eight hours before he is released on parole. It is unclear whether they have confiscated Tia's papers, but it does not appear that Tia has been released on parole. Tia has filed an Application to Proceed In Forma Pauperis ("IFP"). For the following reasons, the court DENIES Tia's IFP application and DISMISSES this action without prejudice.

## I.   28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Tia has accrued at least three "strikes" under § 1915(g).[1] Tia has been notified of these strikes, and may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury based on Defendants' actions when he filed this suit.

## II.  **THE IMMINENT DANGER EXCEPTION**

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of "imminent danger of serious physical injury" cannot be triggered solely by

---

[1] *See Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim). *See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited Nov. 14, 2016).

complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Tia alleges no facts showing that he was in imminent danger of serious physical injury when he commenced this action.  Rather, he complains his materials might be or have been confiscated and lost by prison officials.  Tia may not proceed in this action without concurrent payment of the civil filing fee.

### III.  **CONCLUSION**

Tia's in forma pauperis application is DENIED pursuant to 28 U.S.C. § 1915(g) and this action is DISMISSED without prejudice to Tia refiling these claims in a new action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court shall close the case and note that this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 26, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Tia v. Bureau of Prisons,* 3stk 2017/ Tia 17-27 som (no im dgr fraud, consp. 4th amd)